FILED
1997 Jun 17 AM 10:07
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
Southern Division

Donna L. Shipp, )
    Plaintiff(s); )
  )
-vs.- ) No. CV 97-P-1047-S
  )
Alabama State Department of Education, et )
al., )
    Defendant(s). )

ENTERED
JUN 17 1997

## Opinion

The Plaintiff Donna L. Shipp ("Shipp") filed a complaint against the Alabama State Department of Education; Jefferson County Board of Education; John B. Harris, Jr., individually and as an agent of the Jefferson County Board of Education; Rafael McDaniel, individually and as an agent of the Jefferson County Board of Education; H. Bruce Wright, individually and as an agent of the Jefferson County Board of Education. Shipp alleged that she suffered a work-related injury when she fell down stairs at the Fultondale High School which she alleges caused an chronic disability. Shipp alleges that the stairs were in a state of disrepair and that the Defendants failed to maintain the property. She alleges causes of action for a breach of contract for failing to pay medical expenses resulting from her injury, a violation of the Americans with Disabilities Act ("ADA") for failing to accommodate her, negligence in failing to maintain the property. She demands both punitive and compensatory damages. The Defendants Harris, McDaniel and Wright (the "individual defendants") have filed a Motion to Dismiss as to all of Shipp's claims for a failure to state a claim against them and the Defendant Jefferson County Board of Education ("Board of Education") has filed a Motion to Dismiss Shipp's claims of negligence for failure to

maintain premises based on the Board's constitutional immunity. For the following reasons, the Defendants' Motion to Dismiss is hereby GRANTED.

## Analysis

I. Breach of Contract

As a rule, claims against government officials are treated as claims against the governmental entity and not a suit against the official personally. *Kentucky v. Graham*, 473 U.S. 159 (1985). Shipp was apparently employed by the Jefferson County Board of Education and not by the individual defendants. Because there is no allegation that these individual defendants contracted to employ Shipp, the breach of contract claim against them as individuals fails to state a claim. Since the Plaintiff has named the Board of Education as a Defendant, the suit against the individual defendants in their official capacities is unnecessary. Therefore, the Motion to Dismiss the contract claims against the individual defendants is due to be granted. The breach of contract claim as against the Board of Education remains at this time.

II. ADA Claims

Under the holding in *Mason v. Stallings*, 82 F.3d 1007 (11th Cir. 1996), there is no individual liability under the Americans with Disabilities. Only the employer may be held liable under the ADA. *Id.* Again, there is no allegation that these individual defendants were Shipp's employers. Rather, it appears that the Shipp was employed by the Board of Education. Shipp has also sued the Board as a named defendant. Therefore, suit against the individual defendants in there official capacities is unnecessary. As such, Shipp has failed to state a claim for which relief can be granted against these defendants and the Motion to Dismiss the claims against the individual defendants is due to be granted. The discrimination claim under the ADA remains as

to Shipp's employer, the Board of Education.

III. Negligence in Failing to Maintain Premises

Under Article I, § 14 of the Alabama Constitution and the holding in *Louviere v. Mobile County Board of Education*, 670 So. 2d 873 (Ala. 1995), the individual defendants and the Board of Education enjoy the state's sovereign immunity for discretionary acts. The facts of this case are remarkably similar to those in *Louviere* in which the Alabama Supreme Court held that public school officials enjoyed discretionary act immunity from suit for alleged negligence in maintenance of school property. Therefore, the Defendants' Motion to Dismiss is due to be granted.

## Conclusion

For the forgoing reasons, the Defendants' Motion to Dismiss is due to be granted. All of the claims against the individual defendants in their individual and official capacities are dismissed. The claims for negligence against the County Board of Education are also dismissed. The claims for breach of contract and for discrimination under the ADA remain at this time against the County Board of Education.

Dated: June 16, 1997

Chief Judge Sam C. Pointer, Jr.

Service List:
  Ms. Marylee Abele
  Mr. Whit Colvin
  Mr. Carl E. Johnson, Jr.
  Ms. Denise B. Azar
  Mr. Michael R. White, Sr.