UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
Southern Division

JUL 2 2 1997

Donna L. Shipp, )
    Plaintiff(s); )
 )
-vs.- ) No. CV 97-P-1047-S
 )
Alabama State Department of Education, et )
al., )
    Defendant(s). )

**ENTERED**

JUL 2 2 1997

## Opinion

The Plaintiff Donna L. Shipp ("Shipp") filed a complaint against the Alabama State Department of Education; Jefferson County Board of Education; John B. Harris, Jr., individually and as an agent of the Jefferson County Board of Education; Rafael McDaniel, individually and as an agent of the Jefferson County Board of Education; H. Bruce Wright, individually and as an agent of the Jefferson County Board of Education. Shipp alleged that she suffered a work-related injury when she fell down stairs at the Fultondale High School which she alleges caused an chronic disability. Shipp alleges that the stairs were in a state of disrepair and that the Defendants failed to maintain the property. She alleges causes of action for a breach of contract for failing to pay medical expenses resulting from her injury, a violation of the Americans with Disabilities Act ("ADA") for failing to accommodate her, negligence in failing to maintain the property. She demands both punitive and compensatory damages. The Defendant Alabama State Department of Education ("Department of Education") has filed a Motion to Dismiss as to all of Shipp's claims for a failure to state a claim and claiming state constitutional immunity. For the following reasons, the Defendants' Motion to Dismiss is hereby GRANTED.

16

## Analysis

I. Breach of Contract

Shipp was apparently employed by the Jefferson County Board of Education and not by the individual defendants. Because there is no allegation that the Department of Education contracted to employ Shipp, the breach of contract claim against the Department fails to state a claim. Therefore, the Motion to Dismiss the contract claims against the individual defendants is due to be granted. The breach of contract claim as against the Board of Education remains at this time.

II. ADA Claims

Under the holding in *Mason v. Stallings*, 82 F.3d 1007 (11th Cir. 1996), there is no individual liability under the Americans with Disabilities. Only the employer may be held liable under the ADA. *Id.* Again, there is no allegation that the Department of Education was Shipp's employer. Rather, it appears that the Shipp was employed by the Board of Education. Shipp has also sued the Board as a named defendant. As such, Shipp has failed to state a claim for which relief can be granted against the Department of Education and the Motion to Dismiss the claims under ADA against the Department is due to be granted.

III. Negligence in Failing to Maintain Premises

Under Alabama Code § 16-8-12, the Jefferson County Board of Education has control over the Fultondale High School property. The Board of Education has exclusive rights to maintain and repair the property. The Department of Education has no duty to make repairs to the school. Therefore, the Defendant's Motion to Dismiss is due to be granted.

## Conclusion

For the forgoing reasons, the Defendant's Motion to Dismiss is due to be granted.

In the alternative, the state enjoys immunity from suit under Article I, §14 of the Alabama state constitution. As an agency of the state, the Department of Education is also immune from suit. Therefore, the Motion to Dismiss is due to be granted based on sovereign immunity.


Dated: July 22, 1997

_____
Chief Judge Sam C. Pointer, Jr.

Service List:
Ms. Marylee Abele
Mr. Whit Colvin
Mr. Carl E. Johnson, Jr.
Ms. Denise B. Azar
Mr. Michael R. White, Sr.